IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARDO CASTANEDA, § | | |
| # 25051293, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:26-CV-125-O | |
| § | | |
| STATE OF TEXAS, § | | |
| Defendant. § | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the *Notice of Removal*, received on January 16, 2026. (Dkt. No. 3.) For the reasons that follow, the case is **REMANDED** *sua sponte* to the Dallas County Criminal District Court No. 3.

**I. BACKGROUND**

Bernardo Castaneda, a pretrial detainee at the Dallas County Jail, seeks to remove two state felony criminal cases—Cause Nos. F19-76081 and F19-76082, pending in the Dallas County Criminal District Court No. 3—to this Court due to alleged constitutional violations. (*See id.*) Based on a review of available online public records, Castaneda is charged with aggravated sexual assault of a child in Cause Nos. F19-76081 and F19-76082.[1] According to Castaneda, the State of Texas ("State") "is refusing to enforce Carmell v. Texas, 529 U.S. 513 (2000) and den[ies] Castaneda's] Due Process Rights under Amendment 14, United States Constitution." (*Id.*)

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v.*

---

[1] The docket sheets for these state criminal cases are available at https://www.dallascounty.org/services/record-search/ (last accessed on January 22, 2026).

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A federal court therefore should always examine, *sua sponte* if necessary, the threshold question of whether it has subject-matter jurisdiction. *See The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. ANALYSIS

As noted, Castaneda seeks to remove two Dallas County felony criminal cases to this Court. Section 1455 of United States Code Title 28 sets forth the procedure for removal of state criminal prosecutions to federal court. When a state criminal prosecution is removed to federal court, however, the court to which it is removed must "examine the notice promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Because § 1455 does not set out any substantive requirement for removal, the Court turns to the other removal statutes to determine if removal is appropriate. *See, e.g.*, *Louisiana v. Hunter*, No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014). Liberally construing Castaneda's removal notice with all deference due a pro se litigant, and even assuming *arguendo* that the notice was procedurally proper under § 1455(a) and (b), Castaneda cannot establish a legal right to remove his state criminal prosecutions.

To start, several federal statutes provide for the removal of state criminal cases that charge certain classes of officials. *See* 28 U.S.C. § 1442 (providing for removal of prosecutions against federal law enforcement officers for acts taken under color of their office or on account of their official rights or authority); 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces for acts done under color of military office or status); 28 U.S.C. § 1443(2)

(providing for the removal of prosecutions of officials for acts enforcing civil rights statutes). Castaneda has not alleged, and the online public records of his state cases do not demonstrate, that he is being prosecuted as a federal officer, a member of the armed forces, or an official enforcing civil rights. These provisions therefore do not apply to him.

Section 1443(1) authorizes the removal of a state prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). A state criminal defendant seeking to remove under this statutory provision must show both that (1) "the right allegedly denied [him] arises under a federal law 'providing for specific civil rights stated in terms of racial equality'"; and (2) he is formally denied or cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Castaneda fails to satisfy both prongs.

Castaneda's single-paragraph removal notice is silent as to the denial of any federal civil right protecting racial equality. Rather, Castaneda only generally alleges that the State has failed to enforce Supreme Court precedent involving the ex post facto clause of the United States Constitution, and that the State has violated his due process rights. (*See* Dkt. No. 3 at 1.) He therefore fails to establish the denial of a federal civil right protecting racial equality in his state prosecutions. Having so failed, it necessarily follows that he also fails to establish that he cannot enforce said right in state court.

Accordingly, because Castaneda has failed to establish a legal right for the removal of his state criminal prosecutions to federal court, this Court lacks jurisdiction over this matter and it must be remanded to the appropriate state court. *See* 28 U.S.C. § 1455(b)(4).

## IV. CONCLUSION

For the foregoing reasons, Castaneda's felony offenses in Cause Nos. F19-76081 and F19-76082 are **REMANDED** *sua sponte* to the Dallas County Criminal District Court No. 3 for lack of jurisdiction.

**SO ORDERED** on January 22, 2026.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**